UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. SHARP,<br><br>  Plaintiff,<br><br>  v.<br><br>JANENE R. WEBER,<br><br>  Defendants. | **Case No. 1:17-cv-00160-DAD-EPG**<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT**<br><br>**OBJECTIONS DUE WITHIN THIRTY (30) DAYS**<br><br>(ECF No. 1) |

## I. INTRODUCTION

Plaintiff Anthony A. Sharp, appearing *pro se*, filed a Complaint on February 6, 2017. (ECF No. 1.) Plaintiff did not file an application to proceed *in forma pauperis* or pay the filing fee. The Complaint alleges violations of 42 U.S.C. § 1983 against Defendant Janene R. Weber, a criminal defense attorney who previously represented Plaintiff. Plaintiff alleges that Defendant provided him inadequate representation in a criminal case that culminated in Plaintiff's conviction.  The Court has screened the Complaint and makes its recommendations herein, namely, that Plaintiff's Complaint be dismissed without leave to amend.

## II. FAILURE TO PAY FILING FEE

As a general rule, all parties instituting any civil action, suit, or proceeding in a district court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the

1

commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Ninth Circuit has held that "permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). The Court has broad discretion to grant or deny a motion to proceed *in forma pauperis*. *O'Laughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (a "district court may deny leave to proceed [*in forma pauperis*] at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."). Plaintiff has not filed an application to proceed *in forma pauperis*. Thus, Plaintiff may not proceed in this action. Because Plaintiff's complaint is frivolous and without merit, however, the Court will proceed to screen his allegations.

### III. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## IV. PLAINTIFF'S ALLEGATIONS

The Complaint alleges that Plaintiff was charged with possession of child pornography in 2013. Because the county public defender's office was conflicted out of his case, Defendant was appointed by the court to represent him. Plaintiff alleges that Defendant did not provide him with satisfactory representation. For example, Plaintiff alleges that Defendant did not meet with him for several months at a time, did not come to see him when he was incarcerated, and did not sufficiently investigate his case. Plaintiff was eventually convicted and sentenced to twenty-five years in prison. Plaintiff alleges that Defendant is currently under investigation by the California State Bar and asks for $875,000 in damages.

## V. DISCUSSION

To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and ***must show that the alleged deprivation was committed by a person acting under color of state law.***" *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Plaintiff asserts that he was denied his constitutional rights by Defendant Weber, his attorney. It is well-settled, however, that attorneys do "not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (upholding dismissal of a § 1983 claim by a *pro se* prisoner against a public defender that alleged that she failed to adequately represent him in criminal proceedings). Thus, none of Plaintiff's legal claims against Defendant Weber are colorable on their merits and they do not state a claim for which relief can be granted.

3

Dismissal of a *pro se* complaint without leave to amend is appropriate where any opportunity to amend the complaint would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). No additional facts could cure the deficiencies in the Complaint. The problem is not that it is missing important facts; it is that the requested relief is simply unavailable through a § 1983 lawsuit. Dismissal without leave to amend is thus appropriate.

**VI.    RECOMMENDATION**

For the reasons set forth above, the Court finds that the Complaint fails to state a claim. Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **February 21, 2017**            /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE